IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON R. GRANDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-44J |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of July, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") suspending plaintiff's receipt of retirement insurance benefits due to his incarceration for a criminal offense pursuant to 42 U.S.C. §402(x) of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

This court has jurisdiction over plaintiff's appeal pursuant to 42 U.S.C. §405(g). Upon judicial review under 42 U.S.C. §405(g), the court's review of legal issues is plenary. Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000); Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 431 (3d Cir. 1999). Moreover, where an ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings. Fargnoli

v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal of the ALJ's decision here because the record contains substantial evidence to support the ALJ's factual findings and his legal conclusions are not erroneous.

Plaintiff filed an application for retirement insurance benefits on February 11, 2003. On March 3, 2003, the Social Security Administration notified plaintiff that, although he was eligible for such benefits as of May 2003, payment of such benefits was required to be suspended because of his incarceration at SCI-Houtzdale stemming from his conviction of third degree murder in June 2001. Plaintiff's request for reconsideration was denied. At plaintiff's request an ALJ held a hearing at SCI-Houtzdale on October 22, 2003, at which plaintiff appeared, pro se, after effectively waiving his right to representation. On October 22, 2003, the ALJ issued a decision finding that plaintiff's retirement insurance benefits have been appropriately suspended since May 2003, due to his confinement to a penal institution pursuant to a conviction of a criminal offense. On January 2, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Title 42 U.S.C. §402(x)(1)(A)(i) in its current form[1]

---

1. Section 402(x) has undergone a number of progressively more restrictive amendments over the years. Prior to 1983, prisoners were entitled to retirement insurance benefits without restrictions. Beginning in 1983, convicted felons were prohibited from receiving retirement insurance benefits with two exemptions, one for prisoners in rehabilitation programs which would result in

provides:

> Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--
> (i) is confined in jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense, ....

In this case, the facts are undisputed. Plaintiff admits that he has been incarcerated at a state correctional institution since at least his date of eligibility for retirement insurance benefits of May 2003. Plaintiff also admits that his incarceration is due to his conviction of third degree murder, a criminal offense. Plaintiff's admissions constitute substantial evidence to support the ALJ's factual findings.

Plaintiff's sole argument on appeal is purely a question of law over which this court exercises plenary review. Specifically plaintiff contends that the suspension of benefits in his case constitutes a breach of an "implied contract" that he entered into with the Social Security Administration when he began paying into

---

substantial gainful activity upon release and one for dependents. By 1994, the rehabilitation exemption was eliminated and by 1999, any prisoner convicted of any criminal offense, felony or misdemeanor, regardless of length of imprisonment, was precluded from receiving benefits while incarcerated. Thus, an individual in defendant's position has not been entitled to any benefits during the period of incarceration since 1994, and would only have been entitled to benefits if participating in a rehabilitation program between 1983 and 1994. Both of these amendments were in effect long before plaintiff's conviction in 2001 and application for benefits in 2003.

the system in 1959 and that the subsequent amendments to the Act precluding payments to prisoners unilaterally altered the terms of that contract. Plaintiff's argument is without merit.

First, it long has been established that social security is a form of social insurance, <u>not</u> a contract, whereby persons gainfully employed are taxed to permit the payment of benefits to others. <u>Flemming v. Nestor</u>, 363 U.S. 603, 609 (1960). Thus, social security retirement insurance benefits are <u>noncontractual</u> benefits under a social welfare program and the concept of accrued property rights is not a part of the system. <u>Price v. Flemming</u>, 280 F.2d 956, 959 (3d Cir. 1960). Rather, any "right" to social security benefits depends solely on the statutory scheme involved, and any benefits to which an individual may be entitled under that scheme are subject to defeasance by an Act of Congress, so long as that action is not arbitrary. <u>Guarino v. Celebreeze</u>, 336 F.2d 336, 338 (3d Cir. 1964). Accordingly, plaintiff's contract theory is without merit, as plaintiff simply never had any type of contractual relationship, express or implied, with the Social Security Administration, nor did he have any type of vested or accrued rights in the monies he contributed to the system.

Neither can plaintiff argue that the amendments to §402(x), which suspended his right to receive benefits to which he otherwise would be entitled because of his incarceration for a criminal offense, are arbitrary or unconstitutional. Courts considering such challenges uniformly have held that the suspension of benefits to incarcerated prisoners rationally

reflects a legitimate policy designed to eliminate wasteful payment of social security funds to individuals whose basic economic needs already are being met from other public sources during their incarceration. See, e.g., Davis v. Bowen, 825 F.2d 799, 800-801 (4th Cir. 1987); Zipkin v. Heckler, 790 F.2d 16, 18-19 (2d Cir. 1986); Graham v. Bowen, 648 F.Supp. 298, 301-303 (S.D.Tex 1986). Thus, any contention that the suspension of plaintiff's benefits is unconstitutional is equally unavailing.

After considering all of the evidence of record, the ALJ determined that plaintiff is not entitled to retirement insurance benefits because he has been confined in a penal institution pursuant to his conviction of a criminal offense. The ALJ's factual findings are supported by substantial evidence and his legal conclusions are not erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Leon R. Grande
Inmate No. EQ-9182
SCI - Houtzdale
P.O. Box 1000
Houtzdale, PA 16698

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901